UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON NICOLE RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:21-cv-02421-AC<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]

For the reasons that follow, the court will DENY plaintiff's motion for summary judgment, and GRANT the Commissioner's cross-motion for summary judgment.

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

I. PROCEDURAL BACKGROUND

Plaintiff previously filed for disability benefits in July 2012, resulting in an ALJ's decision in August 2014 that she was not disabled because she could perform a substantial number of jobs in the national economy. Administrative Record ("AR") 78-85.[2] With respect to the current application, plaintiff protectively applied for disability insurance benefits and supplemental security income on October 4, 2019. AR 236-43. The disability onset date for both applications was alleged to be August 1, 2018. Id. The applications were disapproved initially and on reconsideration. AR 91-113, 117-44. On February 23, 2021, ALJ Sara Gillis held a telephonic hearing on the application. AR 46-72 (transcript). Plaintiff appeared with her counsel, Joseph C. Fraulob, and testified at the hearing. Id. Vocational Expert David M. Dettmer also testified. Id.

On April 8, 2021, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 15-26 (decision), 28-31 (exhibit list). On October 28, 2021, after receiving a request for review of the Administrative Law Judge's decision as an additional exhibit, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-5 (decision).

Plaintiff filed this action on December 28, 2021. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF No. 9. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 16 (plaintiff's summary judgment motion), 19 (Commissioner's summary judgment motion).

II. FACTUAL BACKGROUND

Plaintiff was born in 1985, and accordingly was 32 years old on the alleged disability onset date, making her a "younger individual" under the regulations. AR 91; see 20 C.F.R

---

[2] The AR is electronically filed at ECF No. 11 (AR 1 to AR 671).

§§ 404.1563(e), 416.963(e) (same).  Plaintiff has a twelfth-grade education and has specialized training in Certified Nursing Assistance and Medical Assistance, and can communicate in English.  AR 272, 274.  Plaintiff has a prior work history as a newspaper driver, nursing assistant, and medical assistant from 2009-2018.  AR 280.

### III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn

3

v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled."  42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI).  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2024.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since August 1, 2018, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*)
>
> 3. [Step 2] The claimant has the following severe impairments: status post right hip replacement; degenerative disc disease of the lumbar spine; obesity (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except lift and carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk two hours in an eight-hour workday; sit six hours in an eight-hour workday; occasionally push and pull with the lower extremities; occasionally climb, kneel, crouch and crawl; and avoid concentrated exposure to fumes, odors, dust and poor ventilation; and avoid working at heights and around dangerous machinery.

6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. [Step 5] The claimant was born [in 1985] and was 32 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. [Step 5, continued] The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 1, 2018, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 18-26.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A).  AR 26.

## VI.  ANALYSIS

Plaintiff alleges the ALJ erred by (1) failing to find plaintiff's migraine headaches are severe impairments, (2) failing to adequately consider plaintiff's obesity, (3) according minimal weight to Dr. O'Brien's opinion, and (4) failing to provide legally sufficient reasons for finding claimant not credible.  ECF No. 16 at 5, 13-14, 16-17.

A.  <u>The ALJ Did Not Err at Step Two</u>

Plaintiff alleges the ALJ erroneously failed to conclude that her migraine headaches were severe impairments at step two.  ECF No. 16 at 13-14.  "The step-two inquiry is a de minimis screening device to dispose of groundless claims."  Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).  The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were considered.  Bowen

v. Yuckert, 482 U.S. 137, 153 (1987). At step two of the sequential evaluation, the ALJ determines which of claimant's alleged impairments are "severe" within the meaning of 20 C.F.R. § 404.1520(c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (citations omitted). The step two severity determination is "merely a threshold determination of whether the claimant [can] perform his past work. Thus, a finding that a claimant is severe at step two only raises a prima facie case of a disability." Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).

Defendant argues two points, both of which defeat plaintiff's argument: (1) impairments are not severe when over-the-counter medication treats them, and (2) deciding step two in favor of plaintiff and considering the impairment in step four renders any step two error harmless. ECF No. 19 at 10; see Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006); Buck v. Berryhill, 869 F.3d 1040, 1048 (9th Cir. 2017).

1. Over-the-Counter Medication Treated Plaintiff's Migraines

"Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." Warre, 439 F.3d at 1006. Here, the ALJ found plaintiff's migraines were controlled effectively with medication. AR 19. The record supports this conclusion. AR 553 (reports headaches), 562 (reports headaches), 557 (denies headaches, taking Tramadol), 566 (8/19/2020: "virtual visit with [plaintiff] as she has a headache today and did not feel it coming in. She simply needs a medication refill. She feels that the tramadol, twice a day allows her pain to be manageable. No side effects with the medication."), 627 (1/5/2021, denies headaches). Because the record supports the ALJ's findings that medication effectively controlled plaintiff's migraines, the ALJ did not err.

2. The ALJ Considered Plaintiff's Migraines in Step Four

A step two error is harmless when step two is decided in plaintiff's favor on other grounds, and the impairment at issue is considered when determining the plaintiff's RFC. See Buck, 869 F.3d at 1048. Here, the ALJ decided step two in plaintiff's favor. AR 18. The ALJ also considered the plaintiff's migraines in her step four analysis by including limitations

regarding exposure to fumes, odors, dust, poor ventilation heights and dangerous machinery "to avoid exacerbations of her migraines." AR 23. Because the ALJ considered plaintiff's migraines in the RFC, any potential step two error regarding plaintiff's migraines is harmless.

### B. The ALJ Properly Evaluated Plaintiff's Obesity

Plaintiff claims the ALJ failed to adequately evaluate plaintiff's obesity singly and in combination with other impairments, specifically arguing that the analysis is deficient at step four. ECF No. 16 at 14-15. An ALJ is required to "assess the RFC to show the effect obesity has upon the person's ability to perform routine movement and necessary physical activity within the work environment." SSR19-2p. "As with other impairments, the ALJ should explain how he determined whether obesity caused any physical or mental impairments." Burch, 400 F.3d at 638.

Here, plaintiff argues that the ALJ failed to properly consider obesity in formulating the RFC because she failed to address evidence from Dr. Janet E. O'Brien, M.D., whose functional capacity assessment opined standing, lifting, and carrying, and postural limitations each "limited by Obesity Class II and right total hip replacement." ECF No. 16 at 17, AR 453. The court disagrees. The ALJ found obesity was a severe impairment at step two. AR 18. She considered plaintiff's obesity in combination with her other impairments when determining plaintiff's RFC (AR 20) and specifically considered the effect of obesity on plaintiff's ability to stand and walk (AR 18, 24). The ALJ analyzed obesity with the concurrent examination findings of hip tenderness, normal hip strength, normal sensation, and mostly pain-free passive hip movement. AR 22, 537-38. When presented with conflicting opinions that plaintiff could perform light work with six hours versus two hours of standing and/or walking (AR 99-100, 127-28), the ALJ found the latter opinion was more persuasive because it was supported by findings of obesity in combination with plaintiff's other impairments (AR 24, 122-23). The ALJ did not err.

### C. The ALJ Properly Rejected Dr. O'Brien's Opinion

The plaintiff contends that the ALJ improperly discredited Dr. O'Brien's opinion, arguing that: (1) substantial evidence did not support the ALJ rejecting Dr. O'Brien's opinion, (2) the ALJ failed to address the plaintiff's obesity as part of Dr. O'Brien's opinion, and (3) the ALJ's

rationale for rejecting the opinion is "largely incorrect" because "plaintiff's treatment was not entirely conservative." ECF No. 16 at 17. For applications like plaintiff's, filed after March 27, 2017 (AR 15, 236, 243), revised regulations for consideration of physician opinions apply. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Pursuant to these regulations, the most important factors for an ALJ to consider when evaluating a medical opinion are its supportability and its consistency with the record. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Substantial evidence must support an ALJ's explanation for discrediting a physician opinion as unsupported or inconsistent. Woods v. Kijakazi, 32 F.4th 785, 792 (9th Cir. 2022). Substantial evidence requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 788 (citations omitted). If such evidence supports the ALJ's decision, then it must be upheld. See id.

Here, the ALJ reasonably discredited Dr. O'Brien's opinion as unsupported and inconsistent. First, the ALJ concluded Dr. O'Brien's "standing/walking limitation is unsupported by Dr. O'Brien's examination of the claimant, which revealed mostly normal gait findings and full strength and intact sensation of the extremities. The claimant required no use of an assistive device for ambulation during the examination." AR 24. The persuasiveness of a source's medical opinion is in proportion to its support from the source's objective evidence. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Dr. O'Brien's examination notes reflect that plaintiff had full leg strength, intact leg sensation, and mostly normal gait. AR 24, 449-52. The notes also reflect that plaintiff did not need an assistive device to ambulate. AR 22, 450. The ALJ rationally found Dr. O'Brien's examination findings did not support her opinion as to plaintiff's standing and walking. AR 24.[3]

### D. The ALJ Properly Rejected Plaintiff's Subjective Testimony

Plaintiff argues that the ALJ erred by rejecting her subjective testimony for inconsistency

---

[3] The ALJ also concluded that "Dr. O'Brien's opinion is overly restrictive and inconsistent with the claimant's conservative course of treatment and her generally intact activities of daily living, which more consistently support a limitation to light work with other limitations." AR 22. This rationale is not convincing considering plaintiff's conservative daily activities, as discussed below, but because the ALJ provided other adequate rationale, there is no error.

with the medical record and inconsistency with her daily activities. ECF No. 16 at 18. Evaluating the credibility of a plaintiff's subjective testimony is a two-step process. First, the ALJ "determine[s] whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.... In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Objective medical evidence of the pain or fatigue itself is not required. Id. (internal citations omitted). Second, if the ALJ does not find evidence of malingering, the ALJ must provide "specific, clear and convincing reasons for [rejecting the claimant's testimony]." Id. (internal citations omitted).

Here, the ALJ did not find evidence of malingering, so she must provide specific, clear and convincing reasons for rejection. See AR 21-23; Garrison, 759 F.3d at 1014. She provided two reasons: inconsistency with daily activities and inconsistency with the medical record. AR 26-27. The ALJ improperly rejected the plaintiff's subjective testimony based on her daily activities, which are objectively very minimal, amounting to basic hygiene, online shopping, and caring for her children with the help of her older children. AR 55-56. However, the ALJ properly rejected the plaintiff's subjective testimony based on medical record contradictions, rendering the error harmless. The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Comm'r of Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)). Because there was a specific, clear and convincing reason for rejecting the plaintiff's subjective testimony, remand is not required. See Garrison, 759 F.3d at 1014.

"'Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.' The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." Smartt v. Kijakazi, 53 F.4th

489, 499 (9th Cir. 2022) (internal citations omitted).  Rationale based on "evidence of 'conservative treatment'" sufficiently shows the power to convince.  See id. at 500 (suggesting "physical therapy, temporary use of a neck brace and wheelchair, and ongoing pain medication" constitutes conservative treatment); see also Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) (stating "[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.").

The ALJ's concluded claimant's "course of treatment was generally routine and conservative, consisting of injection therapy and pain medication" except for the plaintiff's "total hip arthroplasty[.]" AR 19.  Plaintiff's total hip replacement occurred in 2015 and was followed by approximately two years of work as a nursing/medical assistant.  AR 263, 280, 400.  In March 2020, plaintiff was started on Tramadol for her chronic pain.  AR 22, 522.  In July 2020, plaintiff reported her pain symptoms were "manageable" with Tramadol.  AR 22, 596.  Plaintiff continued to report successful pain management.  AR 22, 566, 583 ("she simply needs [a Tramadol] refill"), 640 (pain medication "working reasonably well").  Thus ALJ rationally found that plaintiff's successful and generally conservative pain management undermined her subjective complaints. AR 23.  On this record, the court finds no error.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 19) is GRANTED; and

3. The Clerk of the Court shall enter judgment for defendant, and close this case.

DATED: June 12, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11